IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHRISTOPHER J. SANDO,** )<br>　　　　Petitioner, )<br>　　　　　　　　　　　　　　　　)<br>　　v. )<br>　　　　　　　　　　　　　　　　)<br>**SUPERINTENDENT GERALD ROZUM, et al.,** )<br>　　　　Respondents. ) | **C.A. No. 08-96 Erie**<br><br>**District Judge McLaughlin**<br>**Magistrate Judge Baxter** |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.　RECOMMENDATION**

It is respectfully recommended that Respondents' motion to dismiss [Document # 10] be granted, that the Petition for Writ of Habeas Corpus be dismissed as untimely, and that a certificate of appealability be denied.

**II.　REPORT**

　**A.　Relevant Procedural and Factual History**

This is a petition for writ of habeas corpus filed by a state prisoner incarcerated at the State Correctional Institution at Somerset, Pennsylvania, where he is serving a sentence of 7½ to 15 years of imprisonment, as a result of pleading guilty to one count each of Rape, Unlawful Restraint, and Indecent Assault. The sentence was imposed by the Erie County Court of Common Pleas on August 1, 2006. Petitioner's post-sentencing motion to modify the sentence was denied by the trial court on August 9, 2006. No direct appeal was filed, nor did Petitioner pursue collateral review by filing a petition under the Post-Conviction Collateral Relief Act ("PCRA").

The instant Petition was filed by Petitioner on April 8, 2008. In response, Respondents have filed a motion to dismiss arguing, *inter alia*, that Petitioner's habeas petition was filed well beyond the expiration of the applicable one-year statute of limitations. [Document # 10]. Despite having ample time to do so, Petitioner has not filed any response to Respondents' motion. This matter is now ripe for consideration.

## B. Statute of Limitations.

The first consideration in reviewing a federal habeas corpus petition is whether the petition was timely filed under the one-year limitations period applicable to such petitions. The applicable statute reads:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (as amended).

In analyzing whether a petition for writ of habeas corpus has been timely filed under §2244(d), a federal court must undertake a three-part inquiry. First, the court must determine the date that the petitioner's direct review concluded and the judgment became "final" for purposes of triggering the one-year period under section §2244(d)(1)(A). Second, the court must determine whether any "properly filed" applications for post-conviction or collateral relief were pending during the limitations period that would toll the statute pursuant to §2244(d)(2). Third, the court must determine whether any of the other statutory exceptions or equitable tolling should be applied on the facts presented.

In the instant action, the record reflects that Petitioner's judgment of sentence became final on September 1, 2006, which is the latest date on which Petitioner could have sought direct review. See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000)(noting that a judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review, including the time limit (90 days) for filing a writ of certiorari in the Supreme Court).

Petitioner's federal habeas petition was not received in this Court until April 8, 2008, over one year and seven months after the judgment of sentence became final. Petitioner did not file any PCRA petition that would have tolled the limitations period. Furthermore, nothing in the record indicates that Petitioner is entitled to take advantage of any of the exceptions to the one-year limitations period. Specifically, he has failed to show (i) that there was any State-created impediment to filing a timely habeas petition; (ii) that his claims are based on a constitutional right newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (iii) that his claims are based on a factual predicate that could not have been discovered through the exercise of due diligence. 28 U.S.C. §2254(d)(1)(B-D). Moreover, there is no indication that the doctrine of equitable tolling should be applied here.[1]

## III.  CONCLUSION

For the foregoing reasons, it is respectfully recommended that Respondents' motion to dismiss [Document # 10] be granted, that the instant petition for writ of habeas corpus be dismissed as untimely, and that a certificate of appealability be denied.

---

[1] The one-year limitation in §2244(d) is a statute of limitations, not a jurisdictional bar, and may be equitably tolled. Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998). "Equitable tolling is proper only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims. Mere excusable neglect is not sufficient." Id. at 618-19 (internal citations, quotations, and punctuation omitted). A review of the record does not disclose any extraordinary circumstances beyond Petitioner's control that account for his failure to have filed his habeas petition in a timely manner.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights. See e.g., Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
Chief United States Magistrate Judge

Dated: December 22, 2008

cc: The Honorable Sean J. McLaughlin
United States District Judge